UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

CRAIG DAVIS, as parent and natural ）
guardian of ANDREW DAVIS, ）
                     Plaintiff, ）
  -against- ）
）
CATAMOUNT DEVELOPMENT CORP., ）
CATAMOUNT DEVELOPMENT CORP, ）
d/b/a CATAMOUNT SKI AREA, ）
                     Defendants. ）
---

**COMPLAINT**

**JURY TRIAL DEMANDED**

05 - 30011 - MAP

FILING FEE PAID:
RECEIPT # 305824
AMOUNT $ 150.00
BY DPTY CLK MGL
DATE 1/18/05

Plaintiff, CRAIG DAVIS as parent and natural guardian of ANDREW DAVIS, by his attorney, CHARLES J. FERRIS, ESQUIRE, complaining of the defendants, respectfully alleges as follows:

### *JURISDICTION AND VENUE*

FIRST: This action arises out of a serious injuries sustained by the infant plaintiff as a result of the negligent maintenance of the defendants' premises. Jurisdiction is conferred by 28 U.S.C. Section 1332 as plaintiff is a citizen of the State of Connecticut and the defendants conduct business in the District of Massachusetts. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

SECOND: Because the defendants conduct business within the District of Massachusetts and because relevant underlying events giving rise to the claim occurred within the District of Massachusetts, venue properly lies pursuant to 28 U.S.C. Section 1391(a).

THIRD: That at all times hereinafter mentioned, the defendant, CATAMOUNT DEVELOPMENT CORP., is a domestic corporation, organized and existing under the laws of the

State of New York and the State of Massachusetts and is authorized to conduct business and does conduct business within the State of New York and the State of Massachusetts.

FOURTH: That at all times hereinafter mentioned, the defendant, CATAMOUNT DEVELOPMENT CORP, is a foreign corporation authorized to do business and engaged in business within the State of Massachusetts .

FIFTH: That at all times hereinafter mentioned, the defendant, CATAMOUNT DEVELOPMENT CORP., does business as, and is known as, CATAMOUNT SKI AREA.

SIXTH: That at all times hereinafter mentioned, the defendant, CATAMOUNT DEVELOPMENT CORP, is a joint venture engaged in business within the State of Massachusetts.

SEVENTH: That at all times hereinafter mentioned, the defendant, CATAMOUNT DEVELOPMENT CORP., maintains its principal place of business at Nicholas Road, S. Egremont, Massachusetts 01258.

EIGHTH: That at all times hereinafter mentioned, the defendant CATAMOUNT DEVELOPMENT CORP., was and is the owner in fee simple of the premises known as Catamount Ski Area located at Nicholas Road, S. Egremont, Massachusetts 01258.

NINTH: That at all times hereinafter mentioned, the defendants CATAMOUNT DEVELOPMENT CORP., d/b/a CATAMOUNT SKI AREA, solicited business within the District of Massachusetts.

TENTH: That at all times hereinafter mentioned, the defendants CATAMOUNT DEVELOPMENT CORP., d/b/a CATAMOUNT SKI AREA actually transacted business within the District of Massachusetts.

## *AS AND FOR A FIRST CAUSE OF ACTION SOUNDING IN NEGLIGENCE*

ELEVENTH: Plaintiff repeats, reiterates and realleges each and every allegation contained in this complaint, numbered "FIRST" through "TENTH" with the same force and effect as if more fully set forth at length herein.

TWELFTH: That all times hereinafter mentioned, defendants, their agents, servants, and/or employees were responsible for the design, construction, maintenance, repair, care, condition and upkeep of the premises located at Nicholas Road, S. Egremont, Massachusetts 01258 and known as Catamount Ski Area.

THIRTEENTH: That on or about January 25, 2004, the plaintiff ANDREW DAVIS was caused to fall while lawfully skiing on a ski trail located on the premises at the Catamount Ski Area, Nicholas Road, S. Egremont, Massachusetts 01258. Then, solely due to a dangerous and defective condition on said premises created by defendants, the plaintiff was caused to be seriously injured as a result thereof.

FOURTEENTH: That the defendants, by and through their agents, servants and/or employees, were careless, reckless and negligent in creating a dangerous condition which existed on the premises; in creating a dangerous condition upon a ski slope or trail by placing a man-made obstacle on the trail or failing to remove a man-made obstacle from the trail, and by erecting wire mesh fencing in and upon the slope; in failing to properly or reasonably warn skiers of said dangerous traplike and defective condition; in failing to reasonably and properly provide a safe place to ski; in providing a hazardous and unsafe condition in and about said area; all of which were a direct and proximate cause of the incident involved herein and injuries sustained therefrom.

FIFTEENTH: That the defendants, by and through their agents, servants and/or employees

were careless, reckless and negligent in failing to adequately and properly supervise the premises; in failing to exercise those precautions which, under the circumstances, were reasonable, necessary and required; in failing to adequately ensure skier safety; in failing to properly construct, erect and maintain a barricade; in failing to properly protect skiers from the dangerous and defective barricade; in failing to conspicuously place, or cause to be placed notice of a dangerous and defective condition existing on a ski slope or trail maintained by defendants; in failing to maintain and/or post adequate signage which would reasonably advise skiers of said condition; in creating a defective condition on a ski slope or trail which does not arise out of the risks inherent in the sport of skiing; in failing to maintain its ski area in a reasonably safe condition; in failing to avoid the happening of said occurrence involved herein; in failing to timely and properly remedy said dangerous and defective condition so that it was safe for skiers thereon, including the plaintiff herein; all of which were a direct and proximate cause of the incident involved herein and injuries sustained therefrom.

SIXTEENTH: That the defendants, their agents, servants and/or employees, knew or in the existence of reasonable care, could and should have known of the aforementioned dangerous, unsafe and hazardous condition of said premises by virtue of their creation of said condition.

SEVENTEENTH: That by reason of the foregoing, plaintiff was caused to sustain severe and serious physical injuries to his mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability and loss of body function.

EIGHTEENTH: That by reason of the foregoing, plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in the effort to alleviate the pain and suffering sustained as a result of the defendants' negligence.

NINETEENTH: That the aforesaid injuries were caused solely by the carelessness, recklessness and negligence of the defendants herein.

TWENTIETH: That by reason of the foregoing, plaintiff CRAIG DAVIS as parent and natural guardian of ANDREW DAVIS was damaged in a sum in excess of $75,000.00.

*W H E R E F O R E,* plaintiff demands judgment against the defendants in a sum to be determined by the trier of fact together with interest, costs and disbursements.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues of fact which are triable by a jury.

Dated: Great Barrington, MA
      January 14, 2005

YOURS, etc.,

CHARLES FERRIS, ESQ.

BY: CHARLES FERRIS, ESQ.
Attorneys for Plaintiffs
500 Main Street
Great Barrington, Massachusetts 01230
BBO #565630
413-528-8900
413-528-9132 facsimile

TO:    CATAMOUNT DEVELOPMENT CORP.
        Nicholas Road
        S. Egremont, Massachusetts 01258

        CATAMOUNT DEVELOPMENT CORP. d/b/a CATAMOUNT SKI AREA
        Nicholas Road
        S. Egremont Massachusetts 01258

        CATAMOUNT DEVELOPMENT CORP.
        c/o William Gilbert
        1136 Barker Road
        Pittsfield, Massachusetts 01201

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CRAIG DAVIS, as parent and natural guardian of ANDREW DAVIS,

**(b)** County of Residence of First Listed Plaintiff: Litchfield, CT
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Charles J. Ferris, Esquire, 500 Main Street, Great Barrington, MA 01230
(413) 528-8900

## DEFENDANTS
CATAMOUNT DEVELOPMENT CORP., CATAMOUNT DEVELOPMENT CORP., d/b/a CATAMOUNT SKI AREA

County of Residence of First Listed Defendant: Berkshire
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known): 05-30011-MAP

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC §1332

Brief description of cause:
negligent maintenance and operation of premises resulting in injury

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE _____ DOCKET NUMBER _____

DATE: 01/14/2005
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.  (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example:   U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Craig Davis, as parent and natural guardian of Andrew Davis vs. Catamount Development Corp., Catamount Development Corp., d/b/a Catamount Ski Area

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
             *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    X   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

    05-30011-MAP

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☐    Central Division ☐    Western Division ☒

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)    N/A
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Charles J. Ferris
ADDRESS    500 Main Street, Great Barrington, MA  01230
TELEPHONE NO.    413-528-8900

Coversheetlocal.wpd - 10/17/02