UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * *
                              *
CRAIG DAVIS, as parent and    *
natural guardian of           *
ANDREW DAVIS,                 *
     Plaintiff,               *
                              *
vs.                           *     CIVIL ACTION
                              *     No. 05-30011-MAP
CATAMOUNT DEVELOPMENT CORP.,  *
CATAMOUNT DEVELOPMENT CORP.   *
d/b/a CATAMOUNT SKI AREA,     *
     Defendants.              *
                              *
                              *
* * * * * * * * * * * * * * *
```

### ANSWER AND JURY CLAIM OF THE DEFENDANT CATAMOUNT DEVELOPMENT CORP. TO THE PLAINTIFF'S COMPLAINT

The defendant, Catamount Development Corp. does business as Catamount Ski Area, and is one entity, not two separate entities as written in the caption of this complaint. The defendant Catamount Development Corp. d/b/a Catamount Ski Area hereby makes this its answer to the plaintiff's complaint.

#### FIRST DEFENSE

**JURISDICTION AND VENUE**

FIRST: The defendant denies that the plaintiff's injuries were a result of the negligent maintenance of the defendant's premises. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first paragraph and calls upon the plaintiff to prove the same.

SECOND: The allegations in paragraph two call for a legal conclusion which the defendant is not required to make.

THIRD: The defendant admits that it is organized under the laws of New York and is also registered in Massachusetts as a foreign corporation. Further answering, the defendant is authorized to conduct business and does conduct business in the

State of New York and in the State of Massachusetts.

 FOURTH:  The defendant admits that it is registered in Massachusetts as a foreign corporation, and that it does business in Massachusetts.

 FIFTH:  The defendant admits the allegations contained in the fifth paragraph.

 SIXTH:  The defendant denies the allegations contained in the sixth paragraph.

 SEVENTH: The defendant admits the allegations contained in the seventh paragraph.

 EIGHTH: The defendant admits the allegations contained in the eighth paragraph.

 NINTH: The defendant admits the allegations contained in the ninth paragraph.

 TENTH: The defendant admits the allegations contained in the tenth paragraph.

## FIRST CAUSE OF ACTION

 ELEVENTH: The defendant incorporates herein by reference its answer to the First through Tenth paragraphs and makes them its answer to the Eleventh Paragraph of the First Cause of Action.

 TWELFTH: The defendant admits that it operated and maintained a ski area at the premises located at Nicholas Road, S. Egremont, Massachusetts known as Catamount Ski Area.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the Twelfth Paragraph of the First Cause of Action, and calls on the plaintiff to prove the same.

 THIRTEENTH:  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that on or about January 25, 2004, the plaintiff, Andrew Davis, was caused to fall while lawfully skiing on a ski trail located on the premises at the Catamount Ski Area, Nicholas Road, S. Egremont, Massachusetts 01258, and calls upon the plaintiff to prove the same.  The defendant denies that there was a dangerous and defective condition on the premises and further denies any remaining allegations contained in the Thirteenth paragraph of the First Cause of Action.

FOURTEENTH:  The defendant denies the allegations contained in the Fourteenth paragraph of the First Cause of Action.

FIFTEENTH:  The defendant denies the allegations contained in the Fifteenth paragraph of the First Cause of Action.

SIXTEENTH:  The defendant denies the allegations contained in the Sixteenth paragraph of the First Cause of Action.

SEVENTEENTH:  The defendant denies the allegations contained in the Seventeenth paragraph of the First Cause of Action.

EIGHTEENTH:  The defendant denies the allegations contained in the Eighteenth paragraph of the First Cause of Action.

NINETEENTH:  The defendant denies the allegations contained in the Nineteenth paragraph of the First Cause of Action.

TWENTIETH:  The defendant denies the allegations contained in the Twentieth paragraph of the First Cause of Action.

WHEREFORE, the defendant demands that the plaintiff's complaint against it be dismissed and that judgment enter for the defendant, together with its costs.

SECOND DEFENSE

And further answering, the defendant says that the acts complained of were not committed by a person and/or entity for whose conduct the defendant was legally responsible.

THIRD DEFENSE

And further answering, the defendant says that if the plaintiff proves that the defendant was negligent as alleged, the plaintiff was negligent to a greater degree than the defendant and is barred from recovery under the theory of Comparative Negligence.

FOURTH DEFENSE

And further answering, the defendant says that the cause of action is barred by reason of the Statute of Limitations.

FIFTH DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

SIXTH DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

SEVENTH DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the plaintiff has failed to give notice of any claim as required by law, and the defendant was thereby prejudiced, wherefore the plaintiff is barred from recovery.

EIGHTH DEFENSE

And further answering, the defendant says that if the plaintiff proves that there was any defect in the subject premises, said defect was open and obvious and the plaintiff is therefore barred from recovery.

NINTH DEFENSE

And further answering, the defendant says that the plaintiff has failed to give notice in accordance with Massachusetts General Laws, Chapter 143, Section 71P, including amendments as is required.

TENTH DEFENSE

And further answering, the defendant says that the plaintiff is barred from recovery as a result of the risks inherent in the sport of skiing in accordance with either New York or Massachusetts law.

ELEVENTH DEFENSE

And further answering, the defendant says that the plaintiff is barred from recovery insofar as the plaintiff failed to exercise that care and control as required by M.G.L. Chapter 143, Section 71O.

TWELFTH DEFENSE

And further answering, the defendant states that the plaintiff has voluntarily and affirmatively released, relinquished and/or waived any and all causes of action, claims or right to recovery against the defendant arising out of the allegations contained in the plaintiff's complaint.

### THIRTEENTH DEFENSE

And further answering, the defendant says that to the extent that it had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

### FOURTEENTH DEFENSE

And further answering, the defendant says that if the plaintiff can prove that the subject premises were defective and dangerous as alleged, then plaintiff unreasonably proceeded to use premises which he knew to be defective and dangerous, and that conduct was a cause of his injury and/or damage, and he is therefore barred from recovery.

### JURY CLAIM

THE DEFENDANT HEREBY MAKES CLAIM FOR A TRIAL BY JURY.

By its attorneys,

*William L. Keville Jr.*
William L. Keville, Jr.
BBO #546525
Margaret M. Carleen
BBO #655141
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
617-523-6200

### CERTIFICATE OF SERVICE

I, William L. Keville, Jr., hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

Charles Ferris, Esquire
500 Main Street
Great Barrington, MA 01230

*William L. Keville Jr.*
William L. Keville, Jr.

Date: 3-16-05