UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

CRAIG DAVIS, as parent and natural ) 
guardian of ANDREW DAVIS, ) CIVIL ACTION
                 Plaintiff, ) No. 05-30011-MAP
-against- )
  )
CATAMOUNT DEVELOPMENT CORP., )
CATAMOUNT DEVELOPMENT CORP, )
d/b/a CATAMOUNT SKI AREA, )
                 Defendants. )

---

## MOTION TO COMPEL
## PROMPT ANSWER TO
## PLAINTIFF'S SUPPLEMENTAL INTERROGATORY
## RE: FENCE POST
### and
## FOR A REASONABLE EXTENSION OF DISCOVERY
## TO ALLOW FOR DEPOSITION OF WITNESSES IDENTIFIED IN THE ANSWER

Now comes Plaintiff Craig Davis o/b/o Andrew Davis, and moves for an order compelling Defendant to promptly answer the attached interrogatory regarding the identities of witnesses to the condition of the fence post at the accident site so that Plaintiff can depose them, and to allow a reasonable extension of the deposition period to allow these depositions to take place.

In further support, Plaintiff states:

1. In response to an interrogatory regarding persons who had inspected the slopes at Catamount ski area in the week prior to the accident Defendant identified approximately 64 potential witnesses who are or were ski patrollers.

2. Counsel for Defendant indicated at depositions held in December that Catamount cannot compel these ski patrollers to appear for deposition (even though many receive salary payments from Catamount for their work).

3. The costs and time involved to subpoena and depose 64 witnesses would be unreasonable and burdensome.

4. Plaintiff is entitled to know which potential witnesses have *actual knowledge* of the fence post that Plaintiff collided with so that Plaintiff can depose these specific witnesses prior to trial. One of the significant issues in the case will be the position of this post prior to the accident. Since the original interrogatory was not crafted narrowly enough to elicit this information, a supplemental interrogatory asking Defendant to identify the people with actual knowledge of the condition of the fence post was served on January 31, 2006, after depositions in December revealed that the ski patrollers who were deposed did not have specific knowledge of that fact (See copy of supplemental interrogatory annexed as exhibit A).

5. Plaintiff has asked the Defendant to respond to the interrogatory within 10 days, so that an effort to subpoena and depose these witnesses within the applicable discovery period could be made, but Defendant has not agreed to this accelerated timetable.

6. In telephone conversations held on February 1 and 2, 2006, counsel for Defendant agreed to respond to this motion by February 9, 2006. However, they declined to answer the interrogatory within a shorter time period. Among the reasons given were that the interrogatory may be objectionable because it seeks the discovery of attorney work product.

7. It is respectfully submitted that the supplemental interrogatory is well within black letter definition of permissible discovery. See Fed. R. Civ. P. 26(b)(1), which contemplates the discovery "of the identity and location of persons having knowledge of any discoverable matter." The condition of the accident site on the date of the accident or shortly before it occurred is certainly a discoverable matter.

8. The work product rule is designed to protect the mental impressions, personal beliefs, trial strategy, legal conclusions, and documents prepared in anticipation of litigation or in order to conduct such litigation. See, generally Goldberg v. United States, 425 U.S. 94, 106 (1973); In re: Raytheon Securities Litigation, 218 F.R.D. 354 (D. Mass. 2003). It does not apply to this question.

9. Plaintiff is seeking to know what Defendant knows about the identities of individuals who saw the condition of the fence post on the date of the accident or shortly before it occurred. Over 2 years has elapsed since the accident occurred and more than 1 year has elapsed since the case was commenced. One would presume that Defendant had looked into this by now. That is why we believe that a shorter than normal time to answer the interrogatory would be

      appropriate here.

10. We are not seeking interview notes regarding conversations with any such witnesses, which of course would amount to attorney work product. But we are entitled not to be surprised at their testimony at trial and to have an opportunity to question them before trial.

11. Plaintiff's counsel acknowledges that had this supplemental interrogatory been served a month earlier after depositions took place it might not have been necessary to seek a shorter response period. Unfortunately, the pressure of other matters delayed this request.

12. However, an accelerated response is required in order to have an opportunity to try to work within the existing discovery schedule. Alternatively, Plaintiff would not object to a slightly longer response time provided that depositions are permitted to continue a reasonable time beyond the current cut off date of March 2, 2006.

WHEREFORE, Plaintiff seeks an order (1) directing Defendant to respond to the interrogatory regarding the fence post within ten (10) days; and (2) allowing Plaintiff a reasonable time after Defendant identifies these witnesses to subpoena and depose them.

Respectfully Submitted,
Craig Davis, as parent of Andrew Davis, Plaintiff
by his attorney,

February 4, 2006

Charles J. Ferris
500 Main Street
Great Barrington, MA 01230
413 528-8900
413-528-9132 facsimile
BBO # 565630

### Certificate of Compliance with Local Rule 7

The undersigned certifies that he has consulted with counsel for defendant but has been unable to resolve this matter.

_____
Charles J. Ferris

### CERTIFICATE OF SERVICE

I, Charles J. Ferris, Esquire hereby certify that on this date I served a copy of the foregoing by mailing via facsimile and first class mail, postage prepaid to the Defendant's counsel, William L. Keville, Jr., Esquire, Melick, Porter & Shea, 28 State Street, Boston, MA 02109-1775.

_____  2/9/06
Charles J. Ferris

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRAIG DAVIS, as parent and natural )
guardian of ANDREW DAVIS, )       CIVIL ACTION
                        Plaintiff, )       No. 05-30011-MAP
   -against- )
 )
CATAMOUNT DEVELOPMENT CORP., )
CATAMOUNT DEVELOPMENT CORP, )
d/b/a CATAMOUNT SKI AREA, )
                        Defendants. )

## PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES
## RE: FENCE POST

Pursuant to Fed. R. Civ. P. 33 Plaintiff, Craig Davis, as parent of Andrew Davis requests that Defendant, Catamount Development Corp. d/b/a Catamount Ski Area, provide responses to the following Interrogatories of Charles J. Ferris, Attorney for Plaintiff, 500 Main Street, Great Barrington, MA 01230, within the time prescribed in said Rule.

### DEFINITIONS

For the purpose of these interrogatories, the following words shall be deemed to have the respective meanings as used herein:

(a) "Documents" means all writings of any kind, including the originals and non-identical copies, whether different or otherwise (including, without limitation, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books inter- and intra-office communications, notations of any sort of conversations, notations of any sort of other communications, bulletins, printed matter, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfilm, recordings, etc.) and any electronic, mechanical or electric records of representations of any kind (including, without limitation, audio, video and computer tapes, cassettes, discs, records, etc.).

(b) "Identify" when used in reference to a business, firm, partnership, association or corporation means to state its business name and present address and the names and present addresses of the principals, owners, participants, partners, and officers.

(c) "Identify" when used in reference to an individual person means to state his or her full name, present home address, present or last known business address, present or last known position or business affiliation.

(d) "Identify" when used in reference to a document means to state an author or addressor, type of document or some means of identifying the document, the recipients of all copies of said documents, and its present location or custodian. If any such document was, but no longer is, in possession of the Defendants or subject to its control, state what disposition was made of it. In lieu of such identification, the Defendant may furnish, simultaneously with the filing of its answers to these interrogatories, such documents for inspection and copying by Plaintiff's attorney.

(e) "You" or "Your" means Defendant, including its stockholders, officers, directors, employees, partners, representatives, agents, subsidiaries, affiliates.

(f) "Concerning" means referring to, describing, evidencing, or constituting.

(g) The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the sentence inclusive rather than exclusive, the word "including" shall be construed to mean "without limitation", the singular includes the plural and vice versa, and the present tense includes the past and vice versa, unless the plain meaning of the sentence would be distorted by such usage.

(h) "Accident" refers to the accident involving Andrew Davis at Catamount Ski Area on January 25, 2004.

(i) "Catamount" means Defendant Catamount Development Corp. d/b/a Catamount Ski Area, the corporation operating Catamount Ski Area, including its stockholders, officers, directors, employees, partners, attorneys, representatives, agents, subsidiaries, affiliates, divisions, related companies, or any entity through which it conducts business, either alone or jointly with others.

**These interrogatories are continuing in nature. If any information should come to your attention which renders your response incomplete or incorrect, you are required to supplement your response as required by the Federal Rules of Civil Procedure.**

Interrogatory No. 1

Identify any person having actual knowledge of the condition of the fence post that Plaintiff collided with:

(a) on the day of the accident and/or
(b) in the seven (7) days prior to the accident

Please respond by specifying which subdivision of this interrogatory the person has knowledge of. With respect to each person, state whether the source of their knowledge is based on their own visual inspection or another source.

Interrogatory No. 2

Identify any Documents concerning the condition of the fence post Plaintiff collided with.

>Respectfully Submitted,
>Craig Davis, as parent of Andrew Davis, Plaintiff
>by his attorney,

January 31, 2006

s/ CJF
_____
Charles J. Ferris
500 Main Street
Great Barrington, MA 01230
413 528-8900
413-528-9132 facsimile
BBO # 565630

### CERTIFICATE OF SERVICE

I, Charles J. Ferris, Esquire hereby certify that on this date I served a copy of the foregoing by mailing via first class mail, postage prepaid to the Defendant's counsel, William L. Keville, Jr., Esquire, Melick, Porter & Shea, 28 State Street, Boston, MA 02109-1775.

s/CJF  1/31/06
_____
Charles J. Ferris, Esquire