UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * *
                            *
CRAIG DAVIS, as parent and  *
natural guardian of         *
ANDREW DAVIS,               *
Plaintiff,                  *
                            *
vs.                         *    CIVIL ACTION
                            *    No. 05-30011-MAP
CATAMOUNT DEVELOPMENT CORP.,*
CATAMOUNT DEVELOPMENT CORP. *
d/b/a CATAMOUNT SKI AREA,   *
Defendants.                 *
                            *
                            *
* * * * * * * * * * * * * * *
```

**DEFENDANT CATAMOUNT DEVELOPMENT CORP.'S LIMITED OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PROMPT ANSWER TO PLAINTIFF'S SUPPLEMENTAL INTERROGATORY RE: FENCE POST and FOR A REASONABLE EXTENSION OF DISCOVERY TO ALLOW FOR DEPOSITION OF WITNESSES IDENTIFIED IN THE ANSWER**

Now comes the defendant Catamount Development Corp. ("Catamount"), and opposes the plaintiff's motion. The defendant objects to the plaintiff's attempt to truncate the time to respond to its overly burdensome interrogatories, but does not object to extending the discovery deadline. As grounds for its opposition, the defendant states the following.

### Introduction

Catamount served its Answers to Plaintiff's First Set of Interrogatories on October 19, 2005. Interrogatory No. 2 requested the following information, and Catamount provided the following thorough answer:

Interrogatory No. 2

Identify all persons employed by Catamount, including but not limited to Ski Patrollers, who inspected the trails or slopes on the day of the Accident or the seven (7) days before or after the Accident, or who were responsible for maintaining and operating the ski area in a reasonably safe condition or manner, including but not limited to persons responsible for posting "caution" signs pursuant to 526 C.M.R. 8.01(2), or for marking obstructions on ski trails pursuant to 526 C.M.R. 8.02(5). Your answer should identify each such person, not just the persons with managerial or supervisory authority.

Answer No. 2

Objection. The defendant objects to this interrogatory on the grounds that it is irrelevant, vague, ambiguous, overly broad, unduly burdensome, asks multiple questions, and is not reasonably calculated to lead to the discovery of admissible evidence pursuant to Rule 26(b) of the Federal Rules of Civil Procedure. Without waiving this objection, the defendant states that the ski patrol inspects the trails, and that the ski patrol includes the following members: Jonathan Blank 5 Post Hill RD Craryville NY 12521; Joseph Boyle 1903 Radcliff Ave Bronx NY 10462; George Brehm, Jr. 1773 Hillcrest Ave Castleton- NY 12033; Jay Brousseau PO Box 590 Philmont NY 12565; Kerry Brousseau PO Box 452 Philmont NY 12566; Rob Brousseau PO Box 189 Philmont NY 12565; Chris Cashen 81 Roxbury Rd Hudson NY 12534; Robert Doolittle 229 Martin Rd Hobrun CT 06248; Chris Fenn PO Box 152 West Cornwall CT 06796; Ross Fenn 175 Commons Rd Germantown NY 12520; Heather Field 21 Mt View Dr Valatle NY 12184; Bud Gardner PO Box 104 Hillsdale NY 12529; Judy Gardner PO Box 104 Hillsdals NY 12529; Deborah Gordon 18 Taft Road Copako NY 12516; Fred Harder 20 Fairview Ave Hudson NY 12534; Kent Haskin RT 23 B Box 415 Claverack NY 12513; Thomas Herishko 1672 Rout 10 Ancram NY 12502; Janet Hogelin 239 Clayton Rd Ashely Falls MA 01222; Gail Kenney 45 Breezy Hill Rd Harwlnton CT 06791; Richard Kenney 45 Breezy Hill Rd Harwlnton CT 06791; Travis Kline PO Box 219 Claverack NY 12513; John Kowal, Jr. 19 Pleasant View Dr Rd 1 Hudson NY 12534; Austin Jacobson 7 Peters Lane Bedford NY 10506; Bill Marolda 1250 Lakeview RD Cpake NY 12516; Dustin Neefus 13 Pats Ln Stuyvesant NY 12173; Peter Neefus 81 Bartel Rd Ghent NY 12076; Wendy Neefus 3 Michael Ct Hudson NY 12534; Philip Omstil 14 Sheffield RD Great Barrington MA 01230; Don Page 21 Alva St East Greenbush NY 12061; Adam Peck PO Box 679 Philmont NY 12565; Gerry Pollard 113 Cook RD Sheffield MA 01257; Gregg Pulver PO Box 704 Pine Plains NY 12567; Gregg Reed 31 Every Rd Ghent NY 12075; David Robinson PO Box 739 Claverack NY 12513; Kymberly Rosenthal 99 Dusk Dr New Rochelle NY 10804; Rick Schroeppel PO Box C-12 Hollowville NY 12530; Sue Shadic PO Box 577 Copake NY 12516; Bill Silta 152 Longview Rd Clinton Corners NY 12514; Christopher Stosiek 172 Old Town Rd Hillsdale NY 12529; John Tracy 17 Bralinard Ave Gt. Barrington MA 01230; Esther Trakinski 323 B Wolf Hill Rd Hillsdale NY 12529; Kevin Vallee PO Box L Philmont NY 12565; Ken Walterick 326 W Rasbach St Canastota NY 13032; Don Ward 134 Wells Lane Sheffield MA 01257; Dean Warfield 114 Kittle Rd Hudson NY 12534; James Warfield 1 West Marie St Hudson NY 12534; Katherine Wheeler 19 Underhill Rd Hillsdale NY 12529; Joan Wilkinson 11 Indian Mt RD Lakeville CT 06039; Susan Delamater 2239 State Rt 23 Hillsdale NY 12529; Roy Fox 111 Riverton Rd # 83 Winstod CT 06096; John Kowal, Sr. 32 Janis St Hudson NY 12534; Irma Waldo PO Box 159 Hillsdale NY 12529; John Waldo PO Box 159 Hillsdale NY 12529; Carol Anderson; 186 Flying Point Road, Freeport, ME; Sid Byron, P.O. Box 172, Millerton, NY; Allyn Fenn, 545 Knights Hill Rd., RR1, Bridgeton, ME; Erwin Krause, Glen Hill Tree Farm, Unionville, CT; Jay Krause, 14 Maplewood Road, Farmington, CT; Ginny Lloyd-Harris, 71 Between the Lakes Road, Salisbury, CT; William MacDougall, P.O. Box 381, Salisbury, CT; Jinny Neefus, 16 Riverledge Road, Hudson, NY; Gary Peck, P.O. Box 175, Copake, NY. Further answering, the defendant states that Steven Adams, 353 Roxbury Road, Hudson, NY is the supervisor for the ski patrol, and Robert Stickle, Catamount Ski Area, S. Egremont, MA is the Manager at Catamount.

The plaintiff's preceding Interrogatory No. 2, as phrased,

requests the identity of all persons who inspected the slopes seven days before the plaintiff's accident. It is not narrowly tailored, and Catamount made a good faith effort to answer the interrogatory in a complete and accurate manner.

On January 31, 2006, Plaintiff served Catamount with a second set of Interrogatories, titled "Plaintiff's Supplemental Interrogatories Re: Fence Post." The second set contains the following two interrogatories.

<u>Interrogatory No. 1</u>

Identify any person having actual knowledge of the condition of the fence post that Plaintiff collided with:

    (a)    on the day of the accident and/or
    (b)    in the seven (7) days prior to the accident

Please respond by specifying which subdivision of this interrogatory the person has knowledge of. With respect to each person, state whether the source of their knowledge is based on their own visual inspection or another source.

<u>Interrogatory No. 2</u>

Identify any Documents concerning the condition of the fence post Plaintiff collided with.

Rule 33(b) of the Federal Rules of Civil Procedure provides that a party shall serve its answers to interrogatories within 30 days after service of the interrogatories. Plaintiff has requested that Catamount respond within ten (10) days of service, such that the deadline for the answer would be February 10, 2006.

**Argument**

Catamount respectfully submits that this motion should be denied, and that it should be entitled to the time period set by Rule 33(b) of the Federal Rules of Civil Procedure for answering the interrogatories.

As an initial matter, for the same reasons articulated by the plaintiff, it would be unpracticable to require Catamount to, within ten days, not only contact all sixty four individuals listed in its Answer No. 2 of Plaintiff's First Set of Interrogatories, but to determine which individuals have "actual knowledge" of the fence post. Plaintiff had ample time to serve the second set of interrogatories. As noted above, Catamount's Answers to the first set of interrogatories was served on October 19, 2005. The second set of interrogatories was served on Catamount on January 31, 2006.

Counsel for Catamount forwarded the Supplemental Interrogatories to Catamount via facsimile as soon as it received them. Nevertheless, canvassing these individuals will take considerable time. Moreover, the plaintiff seeks not just the identities of these individuals, but their present whereabouts. Many of the sixty four individuals listed work at Catamount part time, and Catamount is presently uncertain which of them are available and which of them will voluntarily appear for deposition. Some of the individuals do not presently work for Catamount, and Catamount needs to investigate to determine which part time employees will return.

Catamount further submits that plaintiff seeks work product to the extent that plaintiff "would presume that the Defendant has looked into [the identities of individuals who saw the condition of the fence post] by now" and would have Catamount's counsel respond to the interrogatories by extrapolating from its file. Clearly, when written discovery seeks to discover facts that are in possession of a party, the discovery must be answered by the party, and not by the party's attorney. The interrogatories must be submitted to Catamount for answers, as counsel for Catamount cannot simply open its file and make assumptions concerning witnesses and the knowledge that they may possess.

Catamount does not object to answering the new interrogatories (subject to the appropriate objections) so long as it may do so within the time frame established under the Federal Rules, and as long as it may reserve all rights under said rules. Catamount does not object to a reasonable extension of the discovery deadline should plaintiff wish to conduct depositions of any Catamount employees which he deems necessary after the discovery deadline. Plaintiff need not be concerned with "surprise at trial," as Catamount will disclose its witnesses prior to trial pursuant to the Federal Rules. Nevertheless, it is unduly burdensome to require Catamount to canvas sixty four individuals and assemble attendant answers to interrogatories within a short number of days.

### Conclusion

For the foregoing reasons, defendant Catamount hereby respectfully requests that this court deny plaintiff's motion.

Respectfully,
Defendant,
Catamount Development Corp.

By its attorneys,

/s/ Margaret M. Carleen
William L. Keville, Jr.
BBO# 546525
Margaret M. Carleen
BBO # 655141
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
(617) 523-6200