UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG DAVIS, as parent and natural guardian of ANDREW DAVIS,<br>                           Plaintiff,<br>  -against-<br><br>CATAMOUNT DEVELOPMENT CORP.,<br>CATAMOUNT DEVELOPMENT CORP,<br>d/b/a CATAMOUNT SKI AREA,<br>                          Defendants. | CIVIL ACTION<br>No. 05-30011-MAP |

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF ACCIDENT REPORTS

Now comes Plaintiff, Andrew Davis, and moves this Court for an order compelling Defendant Catamount Development Corp. ("Catamount") to produce certain accident reports in its custody or control. In further support Plaintiff states:

1. This is a personal injury case arising out of a skiing accident that took place at Catamount on January 25, 2004 when Plaintiff collided with a fence post obstructing a ski trail (the "Accident").

2. On February 27, 2006, Plaintiff took the deposition of Catamount's Custodian of Records. Catamount designated William Gilbert to appear as Custodian.

3. Prior to the deposition, Plaintiff served a Subpoena Duces Tecum, on or about January 31, 2006 (Exhibit A). The Subpoena requested the Custodian to bring various categories of documents. Among these were: "6. All accident reports relating to other ski accidents or injuries occurring at Catamount from the period December 1, 2003."

4. Catamount did not interpose an objection, or seek a protective order with respect to the subpoena.

5. Mr. Gilbert produced no documents at the deposition, apparently under the belief that all responsive documents had already been produced. However, Catamount does have other Accident Reports (Exhibit B).

6. This category of documents was not included in the initial Rule 34 document request.

7. Plaintiff would like the opportunity to investigate whether there were any accidents involving collisions with fixed objects in the two months prior to the Accident.

8. Plaintiff is entitled to discover whether Defendant was on notice about the scope and likelihood of injuries related to immovable objects such as fences, poles and lift towers, prior to this accident, and the degree of injury involved when skiers collided with flexible fences or padded objects, as opposed to the 2" x 4" wood post that he struck in this case.

9. Plaintiff's counsel orally advised Defendant's counsel that he was willing to waive receipt of accident reports regarding ski lift falls, and parking lot slip and fall cases. Plaintiff also is not seeking many years of accident reports, and is further willing to waive receipt of reports of accidents occurring <u>after</u> Plaintiff's accident, leaving a relatively narrow scope of documents requested.

10. Defendant's counsel offered to investigate whether there are any accident reports regarding a collision with the particular fence post that Plaintiff collided with, but Plaintiff declined to accept such a narrow response.

11. Other Courts have held that accident reports of accidents other than the one at issue in a lawsuit may be relevant to lawsuits about a particular accident. <u>See Shotwell v. Winthrop Community Hosp.</u>, 26 Mass. App. Ct. 1014 (1988). In <u>Shotwell</u> the Plaintiff was injured colliding with a panel of glass. The Court ordered production of other accident reports involving persons colliding with any glass doors at the hospital. <u>See also Morrone v. Southern Pac. Co.</u>, 7 F.R.D. 214 (D. Cal. 1947) (allowing discovery of accident and delay reports made by operators of defendant's trains).

12. Plaintiff believes the reports requested are relatively few in number (only a 56-day period is in issue with this request), and relevant to Defendant's prior notice of dangerous fencing and fixed objects similar to the object that Plaintiff collided with.

WHEREFORE, Plaintiff requests that Defendant be compelled to produce accident reports of other ski accidents at Catamount Ski Area for the period December 1, 2003 to January 25, 2004.

Respectfully Submitted,
Craig Davis, as parent of Andrew Davis, Plaintiff
by his attorney,

March 17, 2006

_____
Charles J. Ferris
500 Main Street
Great Barrington, MA 01230
413 528-8900
413-528-9132 facsimile
BBO # 565630

## CERTIFICATION

The undersigned hereby certifies that he consulted with counsel for Defendant on March 6, 2006 in person and thereafter through email, and was unable to resolve the matter or narrow the issues.

_____
Charles J. Ferris

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG DAVIS, as parent and natural guardian of ANDREW DAVIS, <br>                              Plaintiff, <br> -against- <br><br> CATAMOUNT DEVELOPMENT CORP., <br> CATAMOUNT DEVELOPMENT CORP, <br> d/b/a CATAMOUNT SKI AREA, <br>                             Defendants. | CIVIL ACTION <br> No. 05-30011-MAP |

## SUBPOENA DUCES TECUM

**TO:**  1. Defendant, Catamount Development Corp. d/b/a Catamount Ski Area by its Custodian of Documents.
2. Bud Gardner, of Hillsdale NY (or Lakeville, CT)
3. Judy Gardner of Hillsdale, NY (or Lakeville CT)
4. Joe Boyle, of Bronx, NY
5. Rob Brousseau, of Philmont, NY
6. Rick Schroepel, of Hollowville, NY
7. Steven Adams, of Hudson, NY
8. Ross Fenn, of Germantown, NY
9. William Gilbert, Managing Agent of Catamount

**YOU ARE HEREBY COMMANDED** to produce the following documents at the time of your deposition to take place at the offices of Plaintiff's counsel, Charles J. Ferris, 500 Main Street, Great Barrington, MA 01230.

### DEFINITIONS

For the purpose of this subpoena the following words shall be deemed to have the respective meanings as used herein:

(A) "Documents" means all writings of any kind, including the originals and non-identical copies, whether different or otherwise (including, without limitation, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books inter- and intra-office communications, notations of any sort of conversations, notations of any sort of other communications, bulletins, printed matter, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind (including, without limitation,



photographs, charts, graphs, microfilm, recordings, etc.) and any electronic, mechanical or electric records of representations of any kind (including, without limitation, audio, video and computer tapes, cassettes, discs, records, etc.).

(B) "Accident" refers to the accident involving Andrew Davis at Catamount Ski Area on January 25, 2004.

(C) "Catamount" means Defendant Catamount Development Corp. d/b/a Catamount Ski Area, the corporation operating Catamount Ski Area, including its stockholders, officers, directors, employees, partners, attorneys, representatives, agents, subsidiaries, affiliates, divisions, related companies, or any entity through which it conducts business, either alone or jointly with others.

## DOCUMENTS TO BE PRODUCED
[By all witnesses, if in your possession custody or control]

1. Any Report describing the Accident.

2. All communications, correspondence or e-mail between you and Catamount or Craig, Elizabeth or Andrew Davis or any witnesses concerning the Accident or your testimony.

3. Copies of any statements you made regarding the Accident.

4. Copies of your paystubs and W-2's and 1099's from Catamount for the years 2003 and 2004.

5. All documents, including but not limited to manuals, memos, logs and reports dealing with maintenance of Catamount Ski Area and/or and /or inspection of the trails and/or safety precautions to be taken by the staff in effect or usage by Catamount Ski Area since January 1, 2000.

6. All accident reports relating to other ski accidents or injuries occurring at Catamount from the period December 1, 2003.

7. All trail maps describing the Catamount Ski Area as it existed on January 25, 2004.

8. Copies of lift tickets in use on January 25, 2004.

9. Copies of any warning signs allegedly posted at Catamount Ski Area on January 25, 2004 which Defendant alleges relates to this Accident.

10. All topographical maps of the Catamount Ski Area.

11. All documents concerning legal duties imposed upon Catamount by regulations of the Massachusetts Recreational Tramway Board or Chapter 143 of the General Laws of Massachusetts.

12. All documents showing which Catamount employees were on the premises on January 25, 2004 (excluding ski rental, ski shop, and cafeteria workers, unless they witnessed Plaintiff's Accident or spoke with Plaintiff or his family members about the Accident, or inspected the site of the Accident).

13. All statements or communications of any witnesses to the Accident raised in the Complaint.

14. All organizational charts showing staff names or departments and the chain of responsibility of staff members.

15. Corporate minutes concerning the safety procedures at Catamount, the Accident or youth racing teams.

16. Documents concerning communications with auditors or accountants relating or referring to the Accident or youth racing teams.

17. All documents upon which any expert whom Plaintiff expects to call as a witness at trial is likely to rely in support of any fact or opinion about which that person is expected to testify.

18. Any and all written agreements, applications, releases between the Plaintiff and the Defendant in this suit.

19. Any and all police reports and any other documents prepared by any governmental agency regarding the incident which is the subject matter of this lawsuit and the investigation thereof.

20.    Any and all:

    a.    investigative reports;

    b.    witness statements;

    c.    drawings, diagrams, maps or photographs of the Accident site (before or after the Accident);

    d.    signed or unsigned statements or transcribed statements signed or unsigned; and

    e.    any other investigative materials prepared or obtained as a result of the incident which is the subject matter of this suit.

21.    Any and all communications, correspondences, notices, and agreements between the

Plaintiff and Defendant regarding the incident which is the subject matter of this suit.

22. All documents containing the names, addresses and/or telephone numbers of other children who were participating in the ski class or racing team that Plaintiff was a part of at the time of the Accident, including but not limited to applications and releases, whether or not these children were present on the date of the Accident.

23. All documents containing the names, addresses and/or telephone numbers of the instructors, and/or coaches of the class or racing team described above, whether or not present on the date of the Accident.

24. All documents concerning or describing the class or racing team that Plaintiff was participating in at the time of the Accident, including but not limited to brochures, schedules, manuals and exercise descriptions.

25. All attendance sheets or other documents showing which children in the racing class or team. and coaches were present at Catamount on the date of the Accident.

26. All documents which Catamount contends support any waiver or release of claims by Plaintiff

27. Copies of all documents which refer or relate to any of the persons identified in Item I.A through I.L in Defendant's Initial Disclosure Pursuant to Rule 26(a)(I), and all youth racing team coaches including but not limited to personnel files, resumes, job applications, performance reviews, payroll information, job descriptions, contracts, W-2's, 1099°s (Bud Gardner, Judy Gardner, Joe Boyle, Role Brousseau, Rick Schroepel, Elizabeth Davis, Craig Davis, Steven Adams, and Ross Fenn, David Anderson, Sean Barry, John Grieser, Elizabeth Dennis).

1.

28. Any inspection reports relating to examination of trails, or any documents concerning who was responsible for such inspections for the date of the Accident, and any other date in January, 2004.

29. Copies of all communications, correspondence, reports, memos, to or from any of the people referred to above regarding the Accident.

30. All documents identified in response to Plaintiff's First Set of Interrogatories.

31. Any photographs of the Accident site.

```
 1                  UNITED STATES DISTRICT COURT
 2              FOR THE DISTRICT OF MASSACHUSETTS
 3
                          Civil Action No. 05-30011-MAP
 4                        Pages 1-108

 5   CRAIG DAVIS, as Parent and
     Natural Guardian of ANDREW DAVIS
 6
     vs.
 7
     CATAMOUNT DEVELOPMENT CORP.,
 8   CATAMOUNT DEVELOPMENT CORP., d/b/a
     CATAMOUNT SKI AREA
 9

10        DEPOSITION OF: WILLIAM GILBERT, taken
     before Heather J. Davis, Certified Shorthand
11   Reporter and Notary Public, pursuant to Rule 30 of
     the Massachusetts Rules of Civil Procedure, at the
12   offices of CHARLES J. FERRIS, ESQUIRE, 500 Main
     Street, Great Barrington, Massachusetts on
13   February 27, 2006, commencing at 9:56 AM.

14
     APPEARANCES:
15

16   (SEE PAGE TWO)

17

18

19                    Heather J. Davis
                      Registered Merit Reporter
20

21

22

23                     DAVIS & MITCHELL
                         P.O. Box 1367
24                     Pittsfield, MA 01202
      Tel. (413) 499-0035     Fax (413) 499-7823
```

                    DAVIS & MITCHELL
                     (413) 499-0035


EXHIBIT B

```
 1    Schroeppel, Steve Adams, Ross Fenn or Joe Boyle?
 2         A.   No.
 3         Q.   Have there been any e-mails sent to
 4    any witnesses of the accident?
 5         A.   No.
 6         Q.   Has Catamount produced any accident
 7    reports relating to other ski accidents or
 8    injuries occurring at Catamount from the period
 9    December 1, 2003 to the present?
10         A.   Do you want to repeat that question,
11    please?
12         Q.   Item six on the subpoena asks for all
13    accident reports relating to other ski accidents
14    or injuries occurring at Catamount from the
15    period December 1, 2003.  Have those accident
16    reports been produced?
17         A.   No.
18         Q.   Have there been accidents at
19    Catamount since December 1, 2003?
20              MS. CARLEEN:  Object to the form.
21              THE WITNESS:  Do I have to
22    respond to that?
23              MS. CARLEEN:  You do.
24              THE WITNESS:  Yes.
```

```
 1        Q.    (BY MR. FERRIS)   Okay.  And have
 2   reports been made for some or all of these
 3   accidents?
 4              MS. CARLEEN:   Object to the form.
 5              THE WITNESS:   A report?
 6        Q.    (BY MR. FERRIS)   Does Catamount
 7   have, maintain, any accident reports with respect
 8   to accidents that occurred on the ski area?
 9        A.    Yes.
10        Q.    Okay.  And who maintains those
11   reports?
12        A.    Catamount does.
13        Q.    Well, do you have copies of them?
14        A.    There are copies in my office.
15        Q.    Okay.
16              MR. FERRIS:   Again, I'm going to
17   object to the failure to produce those accident
18   reports which were called for in the subpoena,
19   and I'll note that I can't close the deposition
20   without reviewing them.
21        Q.    (BY MR. FERRIS)   Does Catamount
22   maintain any organizational charts showing staff
23   names or departments and the chain of
24   responsibility of staff members?
```