UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG DAVIS, as parent and natural guardian of ANDREW DAVIS,<br>       Plaintiff,<br> -against-<br><br>CATAMOUNT DEVELOPMENT CORP.,<br>CATAMOUNT DEVELOPMENT CORP,<br>d/b/a CATAMOUNT SKI AREA,<br>       Defendants. | CIVIL ACTION<br>No. 05-30011-MAP |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT
OF MOTION TO COMPEL
PRODUCTION OF PHOTOGRAPHS**

  Based upon Defendant's Opposition to Plaintiff's Motion, it now appears that there are more photographs of the accident site than was previously revealed by Defendant. William Gilbert, the Chief Executive Officer of Catamount, misrepresented the nature of the photographs of the accident site in the possession of Catamount and its agents when he was deposed. He stated that some photographs were taken several days after the accident by Mr. Edwards, but did not reveal the exact nature of these photographs.

  In fact, there are two photographs taken by the Ski Patrol of the accident site **on the date of the accident**. Plaintiffs urgently need to examine these photographs which cannot be re-created by Plaintiff or obtained from any other source. It should be noted that Defendant did not reveal the existence of these "day of the accident" photographs in its response to Plaintiff's Document Request. In its response to the Document Request Defendant stated it had accident site photographs taken several days after the accident and some of which were taken in the summer of 2004.

  The fact that Plaintiff has photographs taken one day after the accident does not eliminate the need to see Defendant's photographs taken minutes after the accident before there was much opportunity to disturb the site.

  Similarly, photographs taken by Defendant one week or less after the accident, also may shed light on the facts in dispute, such as trail usage in the vicinity of the fence post, warning signs, and fence condition in the area at that time. Although Plaintiff has some photographs of the site taken after the accident, there is substantial desirability to have all contemporaneous views of the site available to the trier of the facts. If a trial is ultimately a

search for the truth, technical defenses which impede that search should be viewed with the utmost circumspection.

Here the photographs of the site were taken before a lawsuit was imminent, and the photographs may have been taken for the legitimate, non-lawsuit purpose of improving safety at the ski area. The claim that Catamount does not take photographs of "every" accident (made by Catamount employees by affidavit in response to this motion) does not resolve this issue. No explanation was offered as to the reasons Catamount has taken photographs in the past, or how often photographs are taken. Photographs taken because patrons have had difficulties with obstacles on trails may serve useful purposes other than lawsuit preparation.

Moreover, since the site conditions cannot be duplicated, the photographs should be produced even if they were prepared for litigation.

The several sets of "non-snow" photographs taken at later dates in 2004 and 2005 after a legal claim was raised, and after defense counsel got involved appear to have been prepared with litigation in mind. However, they contain no notes or mental impressions of counsel or insurance representatives, contain no statements of parties or witnesses. They may aid the trier of fact in understanding the general topography of the area surrounding the accident site. It is difficult to understand how Catamount would be prejudiced by their production.

These photographs also may shed light on the procedures used in maintaining fences in the off season and the structure of the fences.

The delays involved with sending a photographer now should be considered in balancing the relative interests of the parties. Moreover, the fences that are there in Spring 2006 may not be the same as the fences there in Spring or Summer, 2004 when these photographs were taken.

WHEREFORE, Plaintiff requests that its Motion To Compel Production Of Photographs be granted as to all photographs of the accident site in Defendant's possession, custody or control.

April 3, 2006

Respectfully Submitted,
Craig Davis, as parent of Andrew Davis, Plaintiff
by his attorney,

_____
Charles J. Ferris
500 Main Street
Great Barrington, MA 01230
413 528-8900
BBO # 565630

## CERTIFICATE OF SERVICE

    I, Charles J. Ferris, Esquire hereby certify that on this date I served a copy of the foregoing by electronic process to the Defendant's counsel, William L. Keville, Jr., Esquire, Melick, Porter & Shea, 28 State Street, Boston, MA 02109-1775.

_____ 4/3/06
Charles J. Ferris