UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG DAVIS, as parent and natural guardian of ANDREW DAVIS,<br>                     Plaintiff,<br>-against-<br><br>CATAMOUNT DEVELOPMENT CORP.,<br>CATAMOUNT DEVELOPMENT CORP,<br>d/b/a CATAMOUNT SKI AREA,<br>                     Defendants. | CIVIL ACTION<br>No. 05-30011-MAP |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
MOTION TO COMPEL ANSWERS TO
DEPOSITION QUESTIONS AND OPPOSITION TO
MOTION FOR A PROTECTIVE ORDER**

Defendant apparently has misconstrued the reason of Plaintiff is seeking details regarding Catamount's witness' economic interest in this case. The only case cited by Defendant on this point, *Downey v. Union Trust Co. Of Springfield*, 312 Mass. 404 (1942), states that economic information concerning the wealth of a party is not relevant to establish *liability*.

However, that is not why the information is requested. The jury is entitled to know the scope of a witness' economic interest in a case in order to assess *credibility* - - not liability (see cases and secondary sources cited in motion).

If this economic information is confidential, it can be protected by an appropriate confidentiality order. That should not preclude the production of the relevant information by responding to further deposition questions.

However, Defendant has not established a convincing need for a confidentiality order or a protective order. Fees paid to witnesses, and salaries of employees are relevant to evaluating their credibility. The same would be true for revealing a witness' ownership share and that of his immediate family in the business which is a party to the lawsuit. This information is not of an unusually sensitive nature that would be useful to competitors. There is little reason to prevent its disclosure for normal purposes in this litigation.

Mr. Gilbert has already proven himself to be a questionably reliable witness - - by failing to reveal the existence of "day of the accident" photographs in Catamount's possession. It is important that the trier of the facts have all relevant information necessary to assess his credibility.

The continued deposition should also be allowed to go forward in order to inquire into the economic details of Mr. Gilbert's interests in Catamount, and those of his family, as well as the accident site photographs, some of which were hidden from Plaintiff during discovery proceedings.

Accordingly, Plaintiff requests that the deposition of William Gilbert be continued to allow for examination on these issues.

April 4, 2006

Respectfully Submitted,
Craig Davis, as parent of Andrew Davis, Plaintiff
by his attorney,

*/s/ Charles J. Ferris*
Charles J. Ferris
500 Main Street
Great Barrington, MA 01230
413 528-8900
413-528-9132 facsimile
BBO # 565630