UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

CRAIG DAVIS, as parent and natural )
guardian of ANDREW DAVIS, )            CIVIL ACTION
                      Plaintiff, )            No. 05-30011-MAP

    -against- )

)

CATAMOUNT DEVELOPMENT CORP., )
CATAMOUNT DEVELOPMENT CORP, )
d/b/a CATAMOUNT SKI AREA, )
               Defendants. )

---

### *PLAINTIFF'S MOTION FOR APPROVAL OF SETTLEMENT*

    *Now* comes Plaintiff Craig Davis, on behalf of his minor son, Andrew Davis, and moves this Court for approval of a settlement of the above-captioned personal injury claim against Catamount Development Corp., d/b/a Catamount Ski Area.  In further support of the motion Plaintiff states:

*The Parties*

1.     Andrew Davis is and was a resident of Connecticut at the time of his accident at Catamount Ski Area on January 25, 2004. On the date of the accident Andrew was 7 years old.     His date of birth is February 18, 1996, and he is now 11 years old.

2.     Catamount Development Corp., is the operator of Catamount Ski Area, located in New York and Massachusetts.

*The Accident*

3.     While participating in his class on their first run of the day Andrew was instructed to ski from the top of "Catamount" Trail over to a point on "OnStage" Trail with a group of other students, behind the instructor. On the right side of this trail was an orange mesh fence supported by wooden posts.

4.     There was a bush on the right hand side of the cross-over trail but it was possible to ski across to OnStage by passing on either the left or right side of the bush.

5.     While participating in the turning drill, Andrew's right ski and leg was caught by a

2" x 4" fence post that was protruding on the trail on the right side of the bush, and leaning over at about a 45 degree angle. The collision stopped his leg while his body flipped over the post.

*Disputed Issues of Negligence and Liability*

6.   Plaintiff contends that Catamount breached its common law and statutory duties of care by failing to inspect the trail for obstacles and failing to mark the obstacle or otherwise warn skiers of the existence of the obstacle, or remove the obstacle. There is evidence that a jury could rely on that the wooden post was an obstacle and should have been marked and removed.

7.   Defendant contends that the post was not on a trail, and that a ski area has no liability for collisions with fences. They further contend that the post was open and obvious, and that Plaintiff assumed the risk of collision with the post as part of the inherent risks of skiing. They further contend that Plaintiff breached his responsibility as a skier to avoid obstacles and was contributorily negligent.

8.   It is undisputed that Catamount had at least several days prior notice that the fence alongside the connector trail between Catamount and OnStage was leaning over. However, it is disputed whether or not the post was on a trail, or whether Plaintiff was skiing in an area that was not designated for skiing.

*Injuries*

9.   Andrew's collision with the post resulted in a displaced fracture of his right femur, requiring him to undergo two surgeries to install and remove stabilization hardware, and leaving him with a scar on his right leg.

10.   Defendant contends that there is no other lasting injury, and that Plaintiff's functional use of his leg for normal athletic activities has returned to the same level as before the accident.

11.   After going through 2 surgeries and rehabilitative periods there are currently no restrictions on Andrew's physical activities or mobility, and he is able to play soccer and continue with competitive skiing.

12.   Medical expenses for the Plaintiff's care totaled approximately $32,500.

13.   At a mediation session the parties agreed to a final settlement of $75,000 paid in a lump sum for the injuries sustained by the Plaintiff, and the parties will exchange mutual general releases.

14.    Plaintiff contends that the settlement is in the best interests of his son.   After deducting a one-third contingency legal fee, and the expenses of the litigation (and after crediting Plaintiff for expenses advanced at the commencement of litigation) the balance remaining for Andrew's benefit will be $45,429.06.

15.    Plaintiff is a health insurance broker and consultant.  It is his intention to manage and invest the settlement proceeds for use in his son's college education, and the bulk of the funds will likely be invested in a tax deferred section 529 college tuition plan and other prudent investment vehicles. (See affidavit of the Craig Davis submitted in support of this motion)

**WHEREFORE,** Plaintiff respectfully requests that the Court issue an order determining that the settlement is fair and reasonable and in the best interests of the minor Plaintiff and granting its approval thereof.

Respectfully Submitted,

Craig Davis, as parent of Andrew Davis,  Plaintiff
by his attorney,

May 31, 2007

_____
Charles J. Ferris
500 Main Street
Great Barrington, MA 01230
413 528-8900
413-528-9132 facsimile
BBO # 565630

**CERTIFICATE OF SERVICE**

On June  5/31 , 2007 Plaintiff served the foregoing upon William L. Keville, Jr., Counsel for Defendant, electronically.

_____
Charles J. Ferris

05/30/2007  20:45    8604354599              RETIREMENTGUARD                    PAGE  01

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG DAVIS, as parent and natural<br>guardian of ANDREW DAVIS,<br>             Plaintiff,<br><br>   -against-<br><br>CATAMOUNT DEVELOPMENT CORP.,<br>CATAMOUNT DEVELOPMENT CORP,<br>d/b/a CATAMOUNT SKI AREA,<br>            Defendants. | CIVIL ACTION<br>No. 05-30011-MAP |

### AFFIDAVIT OF CRAIG DAVIS

1. I am the father of Andrew Davis, the plaintiff, and submit this affidavit in support of our motion for approval of the settlement on behalf of our minor son.

2. Andrew's date of birth is February 18, 1996. At the time of the accident, January 25, 2004, Andrew was 7 years old, and he is now 11 years old.

3. The parties have agreed to a lump sum settlement in the amount of $75,000 and exchange of mutual general releases. The net settlement to be received by me and invested on behalf of Andrew, after deduction of legal fees and expenses, and crediting me with expenses I advanced at the outset of the litigation is $45,429.06.

4. Recognizing that there are disputed issues of material fact regarding liability and the extent of Andrew's injuries, I believe that the proposed settlement is fair and reasonable and in the best interests of my son.

5. I am a health insurance broker and consultant, and am fully able to manage and invest the settlement funds prudently for the benefit of my son. It is my intention to invest a significant portion of the settlement funds in a section 529 College Tuition deferred income plan, and other prudent investment vehicles as may be available, so that the funds are available to assist in Andrew's college education.

**Wherefore,** I respectfully request that the Court approve the terms of the settlement of our claim against Catamount Development Corp.

Affirmed under the penalties of perjury, ~~June~~ May 30 , 2007.

_____
Craig Davis